NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-36-GFVT

GERALD L. CAMPBELL                                                              PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

ALBERTO GONZALEZ, ET AL.                                                  RESPONDENTS

Gerald L. Campbell, an individual currently in the custody of the Federal Bureau of Prisons ("BOP"), which has incarcerated him in the United States Penitentiary-Big Sandy in Inez, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and has paid the district court filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

RESPONDENTS

The petitioner names three respondents: (1) U.S. Attorney General Alberto Gonzales; (2) BOP Director Harley Lappin; and (3) Warden of the United States Penitentiary-Big Sandy ("U.S.P.-Big Sandy").

CLAIMS

The petitioner claims that the respondents have no authority to hold him in custody because "Public Law 80-772 was never voted into law by the Senate during any session of the 80th Congress," thereby making "18 U.S.C. §§3621-4081, *et seq.*, those laws which govern places of imprisonment and classification to prisoners unconstitutional and void ab initio."

ALLEGATIONS

Campbell's petition has several components. First is a nine-page printed document, on which the petitioner has filled in a few blank spaces. On the first page, he handwrites his name and that of this Court in the caption. On the next page, he fills in "3/3/07" as the date for the form's pre-printed allegations that the writer "was seized by the Federal Bureau of Prisons' (FBOP) agents operating under its director, without constitutional authority to execute any sentencing orders under the jurisdiction of Public Law 80–772."

The remainder of the document's printed allegations contains language reminiscent of old treatises, many Latin phrases, purported citations to legislation and the Congressional record, extremely dramatic language, and strange similes and metaphors, *e.g.*,

> . . . [D]uring the 1st session of the 80th Congress, 44 Members of the 435 Member House of Representatives in violation of the Quorum Clause ( . . .) took the D.N.A. of the dead "H.R.2200" and attempted to clone it as "H.R. 3190" . . . .
>    When Congress adjourned sine die without a Senate vote on H.R. 3190, that adjournment automatically killed all bills or matters not resolved prior to that

2

> adjournment, in the same way that the "Morning After" pill kills a fertilized human egg before it begins its term in the womb. . . .

Record No. 2 at 3.  One section is entitled "Dead Bill Walking on Capital Hill" and another is "H.R.3190 Bill Never Became a Law!"  Under the latter heading, the petitioner has alleged, *inter alia*, the following:

> In summing it up the 80th Congress in its "Corrupt Organization," while acting in treason against the U.S. Constitution and against "our constitutional form of Government" (see, the language of 18 U.S.C. 1918), breeded contempt for the Supreme Law of the Land, when they violated the Presentment Clauses of Article I, 7, Cls.2-3 of the U.S. Constitution, their ARTICLE VI, 3 oath to support the U.S. Constitution as the Supreme Law of the Land, in Contrary to the Vote and Journal mandates, and in violation of the Seperation of Powers doctrine.

*Id.* at 6-7.  The Court finds that the allegations in this petition amount to only nonsensical accusations.  Typewritten pages 10-14 contain seven causes of action purportedly flowing from the petitioner's allegations.

The last two pages of the petition, pages 15 and 16, are again from the pre-printed document, and they have blanks which have been completed by the petitioner.  Page 15 contains the petitioner's multiple specific requests for relief, including requests for a hearing, judicial notice, a declaration, and a writ of habeas corpus "discharging your petitioner from all Places of Imprisonment owned and operated by the respondents acting under Public Law 80-772."  At the bottom of the page, the petitioner swears to the truthfulness of his allegations, prints and signs his name, and gives his prisoner number.  On page 16, Campbell certifies that the petition was served on the U.S. Attorney General in Washington, D.C., and Regional Counsel for the BOP in Lexington, Kentucky, on March 3, 2007.

Finally, documents have been attached to the petition as exhibits, presumably in support of the petition, but not clearly so. The first is a June 28, 2000 letter from the House of Representatives' Clerk, Jeff Trandahl, to a Charles Degan in response to an inquiry "requesting information on Title 18." Mr. Trandahl writes, "Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time. As you may know, Title 18 covers 845 pages in the U.S. Code and this wording was developed over many years...." Other attachments are copies of bills, portions of the Congressional Record, some legislative history, and seeming excerpts from textbooks.

The petitioner's final attachment is from the respondent U.S.P.-Big Sandy warden, in BOP Remedy No. 436318-F1. In his December 27, 2006 response to the claim that the BOP lacks authority to hold the complainant in custody, Warden Brian Patton rejected the claim and informed the grievant that only the Congress or a federal court has authority to pass on the constitutionality of the statute regarding the BOP's authority, 18 U.S.C. 4081.

Two-and-½ months later, Petitioner Campbell filed the instant cause of action.

DISCUSSION

The Court is familiar with the instant printed pleading, the arguments therein, and the attached exhibits because several U.S.P.-Big Sandy prisoners have submitted versions of the same petition and exactly the same exhibits. Not one, however, has stated a claim upon which this Court may grant relief.

A virtually identical printed petition was filed by inmate John Jose Watford, who also named the U.S. Attorney General, BOP Director, and the U.S.P.-Big Sandy warden as the three respondents in Lexington No. 06-CV-328-JMH. Upon screening, the Court dismissed the action,

4

*sua sponte*, and entered Judgment against the petitioner on November 22, 2006. As the Court concluded in the memorandum opinion and order dismissing that action, the petitioner

> has apparently taken a line from a legislative clerk's June 28, 2000 letter to someone else and extrapolated a theory that because Title 18 was not voted on during Congress's June 1948 session, then that Title and all the revisions which flowed thereafter are void, and the various parts of the Department of Justice have no authority to hold him. He cites no authority so invalidating Title 18. . . .
>
> While the Courts are often criticized for using "legal mumbo jumbo" unnecessarily or excessively, it is the instant petitioner who has exceeded all bounds of the language this time.

Record No. 10. *See also Hall v. Gonzales*, Pikeville No. 07-006-GFVT (the undersigned quoting this portion of the *Watford* opinion in the Court's Memorandum Opinion and Order of February 7, 2007, dismissing Hall's pre-printed petition which also contained the same allegations in the same bombastic language with the same exhibits).

Like the petitioners in the prior cases, in the instant case Petitioner Campbell has violated Rule 8 of the Federal Rules of Civil Procedure, which requires that "each averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e). Nothing in the instant petition has complied with this requirement. To the contrary, this petitioner, too, has regaled the Court with lengthy blustery language and extraneous documents (some of which appear to relate to his claims, but some of which do not).

The Court fully recognizes that a *pro se* pleading should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims. *See e.g.*, *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, Federal Rule of Civil Procedure 8, at subsections (a) and (e) imposes limits on the degree of "less stringency" or liberality which is required. *See O'Leary v. Raley*, 902 F.2d 1579, 1990 WL

5

66489 (9th Cir. 1990); *Boswell Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 786 (N.D. Tex. 2000).

For a pleading which consists of a "morass of garbled text" and is filled with unconnected facts and legalese, dismissal of the action without prejudice is the preferred resolution so as to afford the litigant the opportunity to re-file a challenge to his sentence, if that is appropriate. *Id.* "[I]n the end, '[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.'" *Id.* at 785 (citing *Martin v. United Staes Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)).

The Court will, therefore, dismiss the instant action without prejudice. It is hoped that the instant petitioner will learn not to submit pre-packaged petitions hereafter and that he will hereafter pay $5.00 to file a petition only if it is based upon the facts and the law of his situation. The petitioner is also advised that to the extent he challenges the execution of his sentence, a matter usually brought pursuant to 28 U.S.C. §2241, his claim that the BOP's authority to hold him is flawed must have been not only raised to the warden, but exhausted with all levels of the BOP administratively. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam).

To the extent that Campbell means to attack the trial court's commitment of him to the custody of the BOP, he is advised that he is barred from using this Court's §2241 jurisdiction to challenge the criminal judgment of another district court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective

to challenge the legality of his detention.  *See* 28 U.S.C. §2255, ¶ 5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*.  Since the current challenge that the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948, there is little likelihood that any petitioner raising such a claim can meet this inadequate and ineffective standard.  Any person sentenced after 1948 could have raised the claim at his sentencing, on a direct appeal of that sentence, or via a §2255 motion still later.

Having had adequate and effective opportunities to assert the instant claim earlier, and having failed to do so, Petitioner Campbell may not proceed to do so under this Court's §2241 jurisdiction.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Petitioner Gerald L. Campbell's petition for writ of habeas corpus is **DENIED**; and

(2)     this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This the 29th day of March, 2007.



**Signed By:**
**_Gregory F. Van Tatenhove_**
**United States District Judge**